United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-10417

————————————————

FIBROGEN, INC.; SKIN SCIENCES, INC,

Plaintiffs - Appellees,

v.

CELLEX-C INTERNATIONAL, INC.; ET AL.,

Defendants,

CELLEX-C INTERNATIONAL, INC.; CELLEX-C COSMACEUTICALS, INC;

ANTI-AGING INTERNATIONAL, INC.,

Defendants - Appellants.

————————————————

Appeal from the United States District Court
for the Northern District of Texas
(00-CV-778)

————————————————

Before GARWOOD, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

In this breach of contract case, Appellants contend that the district court erred in granting summary judgment against them. Appellants claim that this ruling was error because they presented evidence—although not argument—that they were fraudulently induced to enter into the contract at issue.

———————————————

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

Because we conclude that the district court did not plainly err in granting summary judgment, we affirm.

This case arises from a settlement agreement resolving five lawsuits between the parties, Appellants Cellex-C International, Inc.; Cellex-C Cosmaceuticals, Inc.; and Anti-Aging International, Inc. (collectively "Cellex C") and Appellees FibroGen, Inc. and Skin Sciences, Inc. (collectively "FibroGen").[1]  As part of the settlement, Cellex-C signed a promissory note for $500,000.  After making several payments, Cellex-C stopped paying FibroGen under the agreement and note.  In response, FibroGen filed this lawsuit for, among other things, breach of the settlement agreement and promissory note.  The district court ordered the settlement agreement claims to arbitration, but retained jurisdiction over the promissory note claim.

Shortly after the district court lifted a discovery stay, FibroGen moved for summary judgment.  The district court granted the motion, finding that FibroGen established its claim for breach of the promissory note as a matter of law.  The district court then awarded FibroGen damages of $395,000, plus $146,149.33 in prejudgment interest and $95,177.58 in attorney's fees.  Cellex-C timely appealed.

On appeal, Cellex-C argues that it presented sufficient

_____

[1]The settlement agreement provides that it is to be construed under New York law.

evidence of a fraudulent-inducement affirmative defense to prevent summary judgment. This defense is based on Cellex-C's contention that, during the settlement talks, FibroGen misrepresented the status of its licensing negotiations with another company. According to Cellex-C, the advanced stage of these negotiations was a critical part of its decision to enter into the settlement agreement and the related promissory note. Cellex-C argues that it only stopped paying on the note after discovering FibroGen's misrepresentation.

Nevertheless, Cellex-C never raised this affirmative defense before the district court. Fraudulent inducement does not appear in Cellex-C's answer. More importantly, it cannot be found in Cellex-C's response to FibroGen's motion for summary judgment. This response contained two objections. First, Cellex-C contended that FibroGen had itself materially breached the contracts by failing to defend certain patents, failing to report royalties, and breaching its duty of good faith and fair dealing. Second, Cellex-C argued that the promissory note had been modified.

We review issues raised for the first time on appeal for plain error. *Riley Stoker Corp. v. Fid. & Guar. Ins. Underwriters*, 26 F.3d 581, 589 (5th Cir. 1994). Under this standard, we have the discretion to correct "a plain forfeited error affecting substantial rights if the error seriously affects

3

the fairness, integrity or public reputation of judicial proceedings." *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996)(en banc)(quoting *United States v. Olano*, 507 U.S. 725,736).

Cellex-C argues that caselaw does not require it to have raised the specific fraudulent inducement argument before the district court. Admittedly, Cellex-C's good faith and fair dealing argument was, like its current fraudulent inducement argument, based on allegations involving FibroGen's licensing negotiations.[2] Cellex-C claims that, by raising the issue of the these negotiations in another context, it presented the district court with sufficient evidence of a fraudulent inducement defense. Therefore, according to Cellex-C, its failure to actually raise fraudulent inducement should not matter. In essence, Cellex-C contends that by presenting this evidence for its breach of good faith and fair dealing argument, it put the fraudulent inducement issue into play.

The cases that Cellex-C cites do not adequately support this

---

[2]Notably, Cellex-C's discussion of good faith and fair dealing in its summary judgment response only contends that FibroGen told it about the proposed license agreement. Nowhere does it indicate that FibroGen's representation was false, which is one of the elements of a fraudulent inducement claim under New York law. *See Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 153 (2d Cir. 1995).

argument, however.[3]  These cases mostly deal with the effect of attaching evidence to summary judgment response but not specifying what issue that evidence supports.  *See, e.g.*, *Keiser v. Coliseum Props., Inc.*, 614 F.2d 406, 410 (5th Cir. 1980).[4]  One case that Cellex-C cites points out this distinction:

> Neither the cited cases nor the case before us now deals with raising a distinct issue for the first time on appeal or introducing new material into the record on appeal, but rather with the failure of an opponent to summary judgment to point out to the district court support already in the record for the position that an issue is actually shown by the record to be in dispute.

*Nicholas Acoustics & Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 846 n.7 (5th Cir. 1983).

Thus, nothing in the caselaw removes this case from the ordinary rule: issues raised for the first time on appeal are reviewed for plain error.  Cellex-C's fraudulent inducement defense is this kind of issue, and thus we review it for plain error.  After conducting such a review, we conclude that the district court did not plainly err in granting summary judgment.  AFFIRMED.

---

[3]Cellex-C never addresses the plain error standard of review.  Instead, Cellex-C only challenges FibroGen's second argument that it completely waived this defense by failing to plead it in its answer.

[4]Other cases Cellex-C cites address raising an issue at summary judgment that has not been included in the pleadings. *See, e.g.*, *Eastland v. Tenn. Valley Auth.*, 553 F.2d 364, 370 (5th Cir. 1977).